UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURA HILTON; and DANIEL METZGER,

    Plaintiffs,

v.   Case No. 6:17-cv-1427-Orl-37TBS

EXPAND INCORPORATED,

    Defendant.

## ORDER

In the instant action, Plaintiffs assert claims against Defendant for violations of the Telephone Consumer Protection Act. (Doc. 1 ("**Complaint**").) For the reasons set forth below, the Complaint is due to be dismissed without prejudice as an impermissible shotgun pleading.

Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four categories of shotgun pleadings). The most common type "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required.

*Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

Here, the Complaint evidences the most common form of shotgun pleading, as Counts II and III incorporate each of the preceding allegations. (*See* Doc. 1, ¶¶ 71, 82.) This is impermissible; hence the Complaint must be dismissed. If Plaintiffs choose to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Tuesday, **August 15, 2017**, Plaintiffs may file an amended complaint that remedies the deficiencies identified in this Order. Failure to timely file may result in this action being closed without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 8, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record